UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| BECKY PAXTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:18-cv-01273-MMH-JBT |
| | : | |
| LANDESK SOFTWARE, | : | |
| a/k/a IVANTI, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF PRODUCTION TO NON-PARTY AND MOTION FOR PROTECTIVE ORDER**

Plaintiff, BECKY PAXTON, (hereinafter Plaintiff), by and through the undersigned attorney and pursuant to Rule 45, *Federal Rules of Civil Procedure,* Local Rules 3.01 and 3.04, *United States District Court,* Middle District of Florida, and Rule 26 (c) , *Federal Rules of Civil Procedure*, hereby objects to the issuance of any the subpoenas proposed to be issued by Defendant to Plaintiff's current employer or former employers as indicated in its Notice of Production to Non-Parties, See, Exhibit "A," incorporated by reference herein and made a part hereof, and requests this Court enter a protective order prohibiting the issuance of any subpoena to Plaintiff's current as well as former employers, and from having any contact with same.

Proofpoint, Inc. is Plaintiff's current employer. The subpoena to Plaintiff's current employer seeks information that is not relevant to this litigation. The subpoena seeks documents related to Plaintiff's performance, disciplinary history, and medical leave requests, as well as

1

complaints made by or about plaintiff, among other things. The Plaintiff's current disciplinary history and medical condition are not relevant to her claims against Defendant which relate exclusively to Plaintiff's tenure with Defendant. See, *Rotonda v. J.P. Morgan Chase & Co.,* Case No. 1:14-cv-838 (S.D. Ohio 2015). Moreover, the Defendant may obtain this information by requesting Plaintiff's medical records for the pertinent period and/or by deposing plaintiff and her medical providers. *Id*.

Further, the Defendant''s decision to terminate Plaintiff occurred before she began working with her current employer, and after she worked for her former employers, and therefore evidence related to her current or former disciplinary history, performance reviews, and medical condition, as well as the plethora of information sought by the proposed subpoenas, are simply not relevant to this lawsuit. To the extent that any of the subpoenaed financial documents are relevant to Plaintiff's efforts to mitigate damages, this information may be obtained from discovery requests directed to Plaintiff.

Plaintiff further objects to the proposed subpoenas because such subpoenas seek information that is irrelevant and is not proportionate to the issues, and is only intended to harass, embarrass and annoy Plaintiff, and invades her privacy rights.

This case is an employment discrimination case. The central question in the case is whether the Defendant discriminated and/or retaliated against the Plaintiff with regard to the terms, conditions and privileges of employment. Particularly, whether Defendant discriminated against Plaintiff because of her gender, and/or retaliated against Plaintiff and terminated her employment for complaining about discrimination.

The broad and sweeping proposed subpoenas to Plaintiff's current and former employers seeking all of her personnel records does not seek discovery of information that would be relevant to the claims and defenses in this case or that begins to be proportionate to the issues which would lead to discovery of admissible evidence. The subpoenas are facially overly broad, and Plaintiff's objections should be sustained. *See Gonzalez v. Springs of Lady Lake Alf, L.L.C.*, Case No. 8:10-cv-01693-EAK-AEP, Document 43 (M.D. Fla. Mar. 10, 2011) (Mag. Porcelli) (quashing third-party subpoena to former employers requesting *all records* relating to plaintiff's employment as unduly overbroad and not reasonably related to discovery of admissible evidence); *Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692 (M.D. Fla. 2005) (finding that non-party subpoena seeking a plaintiff's entire personnel file was overly broad on its face and not reasonably calculated to lead to the discovery of admissible evidence); *Barrington v. Mortage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. 2007) (finding subpoena for any and all documents relating to the plaintiffs' employment was facially overbroad).

The records and information in Plaintiff's personnel files maintained by her current or former employers are also not relevant and nor proportionate to the issues which would lead to the discovery of admissible evidence and contain personal, private information about Plaintiff. *Baltazar v. Florida State Hospital*, Case No. 4:04-cv-00462-SPM-AK (N.D. Fla. Orders of May 27, 2005 and July 5, 2005) (finding personnel records of current employer irrelevant and not discoverable in discrimination case where issue was termination of employee; and defendant had obtained pay records from the plaintiff employee.)

The subpoenas not only seek irrelevant information, but are also intended to harass, embarrass and annoy the Plaintiff. "An employee 'has a legitimate concern that a subpoena sent

to current [or prospective] employer under the guise of a discovery request could be a tool for harassment and result in difficulties" in the new job or securing new opportunities. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (citations omitted). Further, even where a current employer is aware of Plaintiff's litigation, the subpoena is likely to focus the employer's attention on the litigation to the detriment of a plaintiff. *Smith v. Florida Bank Group, Inc.*, Case No. 4:12cv357-WS/CAS, Doc. 19 (N.D. Fla. Feb. 21, 2013), citing *Richards v. Convergys Corp.*, Case Nos. 2:05-CV-00790-DAK, 2:05-CV-00812 DAK, 2007 U.S. Dist. LEXIS 9131 (D. Utah Feb. 7, 2007). To the extent the Defendant seeks pay records, which would be the only records of any possible relevance, from her current employer, Defendant can get them through less intrusive means, such as through the Plaintiff who has ready access to them. *Graham*, 206 F.R.D. at 256; *Baltazar v. Florida State Hospital*, Case No. 4:04-cv-00462-SPM-AK at p. 3 (N.D. Fla. Order of May 27, 2005).

Plaintiff clearly has standing to object to and seek protection from the subpoena Defendant has given notice it intends to serve on her current employer. *Maxwell v. Health Center of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774 at *4 (citing *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 (N.D. Ga. 2001)("a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'"); *Barrington*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. 2007); *Blotzer v. L-3 Communications Corporation*, 287 F.R.D. 507, 509-510, 2012 WL 6808451 (D. Ariz 2012); *Chamberlain v. Farmington Savings Bank*, 2007 U.S. Dist. LEXIS 70376 (D. Conn. 2007); *Stewart v. Mitchell Transport*, 2002 U.S. Dist. LEXIS 12958 (D. Kan. 2002).

As in *Baltazar*, the Court should sustain Plaintiff's objections to Defendant's notice of intent to serve the subpoenas to her current and former employers and enter a protective order in favor of Plaintiff prohibiting Defendant from serving the subpoenas and otherwise contacting Plaintiff's current or former employers with regard to this litigation.

The undersigned has conferred with counsel for Defendant by providing a true and correct copy of the foregoing prior to the filing of this motion. Counsel for Defendant has advised the undersigned that "**Our client will oppose this motion. These types of subpoenas are routinely served in employment cases. We are confident the court will find these subpoenas pass the very low bar for relevancy**." Further, opposing Counsel has also advised the undersigned that one of the subpoenas (without designating which subpoena) had already been served before Plaintiff's Motion herein was received. Accordingly, there is a great likelihood that the subpoena in question was served before notice was received by Plaintiff's counsel as the notice of intent was served on Tuesday, June 25, 2019 at 3:42 p.m. and this Motion was sent via electronic mail to defense counsel Wednesday, June 26, 2019, at 5:39 a.m. Defense counsel, Sara G. Sanfilippo confirmed receipt of this motion at 7:31 a.m. that same morning.

WHEREFORE, based upon the foregoing, Plaintiff requests that the Court sustain her objections to the Defendant's Notice of Intent to Serve Subpoenas Duces Tecum and enter a protective order prohibiting Defendant from serving the subpoenas and otherwise contacting Plaintiff's current or former employers with regard to this litigation

*Certificate of Service on Next Page*

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on this 28th day of June, 2019, a true and correct copy of the foregoing was filed with the Courts CM/ECF system and that a true and correct copy of the foregoing was sent via electronic mail to: Sarah Kuehnel, Esq., (sarah.kuehnel@ogletree.com) and to Sara G. Sanfilippo, Esq., (sara.sanfilippo@ogletree.com).

                **RESPECTFULLY SUBMITTED,**

                LAW OFFICES OF DAVID B. SACKS

                /S/ David B. Sacks, Esq.
                **DAVID B. SACKS, ESQUIRE**
                Florida Bar No.: 964409
                4494 Southside Blvd., #101
                Jacksonville, Florida 32216
                Tele: (904) 634-1122
                Fax: (904) 355-8855
                Email: david@sackslegal.com
                Attorney for Plaintiff